IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**<br>600 Fifth Street, N.W.<br>Washington, D.C. 20001<br><br>    Plaintiff,<br><br>    v.<br><br>**SCHINDLER ELEVATOR CORPORATION**<br>P.O. Box 780<br>Toledo, Ohio 43601<br>SERVE: CT Corporation System<br>        1015 15th Street, N.W., Suite 1000<br>        Washington, D.C. 20005<br>        Resident Agent<br><br>    and<br><br>**ADMIRAL INSURANCE COMPANY**<br>1255 Caldwell Road<br>Cherry Hill, N.J. 08034<br>SERVE: Edward J. Longosz, II, Esq.<br>        Eckert, Seamans, Cherin & Mellott<br>        1747 Pennsylvania Avenue, NW<br>        Suite 1200<br>        Washington, D.C. 20006<br><br>    **Defendants** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

The Plaintiff, WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY (hereinafter, "WMATA"), by and through undersigned counsel, states as follows:

**THE PARTIES**

1. WMATA is an interstate compact agency and, by the terms of its enabling legislation,

1

is an agency and instrumentality of the District of Columbia, State of Maryland and Commonwealth of Virginia. It was created by the aforenoted States and the District of Columbia to plan, finance, construct and operate a comprehensive mass transit system for the Washington Metropolitan Area.

2. Schindler Elevator Corporation (hereinafter, "Schindler") is a corporation authorized to do business in the District of Columbia.

## VENUE AND JURISDICTION

3. Jurisdiction is proper in this court because the United States District Courts have original jurisdiction, concurrent with the Courts of Maryland, Virginia and the District of Columbia, of all actions brought by or against WMATA. See D.C. Code § 1-1107.1 (81) (2001). The Court also has jurisdiction over this action under 28 U.S.C. § 2201 (Declaratory Judgment Act).

4. This Court has personal jurisdiction over Schindler under 28 U.S.C.A. § 1391(b) because Schindler, on information and belief, conducts business in the District of Columbia and within this district, including contracts with WMATA and other entities doing business in the District of Columbia.

5. Venue is proper in this district under 28 U.S.C.A. § 1391(b) and (c) because the Contract was entered into in the District of Columbia.

6. An actual case or controversy has arisen between the parties. Schindler, in an action against both it and WMATA by Elizabeth A. Esther in the Circuit Court of Maryland for Montgomery County, Case No. 271511-V, has refused to provide a defense for, and to indemnify WMATA in that cause of action in accordance with a maintenance contract between Schindler

and WMATA (hereinafter, the "Contract"). Schindler's refusal to provide a defense for, and to indemnify WMATA in the above mentioned cause of action threatens injury to WMATA.

## ALLEGATIONS

7. On May 12, 2006, Elizabeth A. Ester filed and served a complaint for negligence against both Schindler and WMATA in the Circuit Court of Maryland for Montgomery County alleging personal injuries from a slip and fall that occurred on April 12, 2005, arising out of maintenance work performed by Schindler at the Shady Grove Metro Station that is owned and operated by WMATA.

8. Under the Contract, Schindler is obligated to "indemnify WMATA against any and all liability claims" alleged to have arisen for injury, "including personal injury" to persons "occurring in connection with this Contract, and for any acts in connection with activities to be performed under this Contract resulting in whole or in part from the acts, errors or omissions of the Contractor."

9. On June 21, 2006, WMATA, by counsel, sent a letter to Dolly Ferguson, a Schindler representative, and Brenda Kale, an adjuster for Schindler's insurer, Admiral Insurance Company(hereinafter, "Admiral"), demanding that Schindler follow the provisions of the Contract, and indemnify WMATA.

10. On July 6, 2006, counsel for Schindler, Eckert, Seamans, Cherin & Mellott (hereinafter, "Eckert Seamans"), replied to WMATA that Schindler would not provide a defense or indemnify WMATA in the above-mentioned cause of action.

11. On August 2, 2006, WMATA, by counsel, sent a second letter to Eckert Seamans citing the indemnification clause of the Contract and, once again, demanding that Schindler

indemnify WMATA in the above-mentioned cause of action.

12.  On August 9, 2006, Eckert Seamans, sent a letter to WMATA counsel denying WMATA's demand for a defense and indemnification by Schindler for the above-mentioned cause of action.

13.  WMATA asserts that both Schindler's and Admiral's refusal to comply with the provisions of the Contract, and to refuse to indemnify WMATA are in bad faith.

14.  WMATA seeks declaratory judgment from this Court that the Contract obligates Schindler to indemnify WMATA for the negligence of Schindler's employees and subcontractors in the above-mentioned incident.

## **PRAYER FOR RELIEF**

WHEREFORE, WMATA respectfully requests that the Court:

15.  Enter judgment according to the declaratory relief sought;

16.  Award WMATA its costs in this action including attorney's fees for providing its own defense and for pursuing this suit;

17.  Prejudgment interest from June 21, 2006, the date of WMATA's first demand for indemnification under the Contract;

18.  Post-judgment interest as allowed by law; and

19.  Enter such other further relief to which WMATA may be entitled as a matter of law or equity or which the Court determines to be just and proper.

Respectfully submitted,

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY

Carol B. O'Keeffe, D.C. Bar #445277
General Counsel

_____

Mark F. Sullivan, D.C. Bar #430876
Deputy General Counsel

_____

Michael K. Guss, D.C. Bar #465171
Assistant General Counsel
WMATA - COUN
600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-1468